# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| M.B. | Spirit Airlines, Inc and John Doe No. 1 |

| (b)  County of Residence of First Listed Plaintiff  Fulton County | County of Residence of First Listed Defendant  Broward County |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |

| (c)  Attorneys *(Firm Name, Address, and Telephone Number)*<br>Gregory S. Spizer, Esquire<br>VSCP LAW; 2001 Market St, #3700<br>Philadelphia, PA 19103 215-960-0000 | Attorneys *(If Known)* |
|---|---|

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government<br>Plaintiff
- [ ] 3  Federal Question<br>*(U.S. Government Not a Party)*
- [ ] 2  U.S. Government<br>Defendant
- [x] 4  Diversity<br>*(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place<br>of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated *and* Principal Place<br>of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a<br>Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment<br>& Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted<br>Student Loans<br>(Excludes Veterans)<br>[ ] 153 Recovery of Overpayment<br>of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product<br>Liability<br>[ ] 320 Assault, Libel &<br>Slander<br>[ ] 330 Federal Employers'<br>Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product<br>Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle<br>Product Liability<br>[x] 360 Other Personal<br>Injury<br>[ ] 362 Personal Injury -<br>Medical Malpractice | **PERSONAL INJURY**<br>[ ] 365 Personal Injury -<br>Product Liability<br>[ ] 367 Health Care/<br>Pharmaceutical<br>Personal Injury<br>Product Liability<br>[ ] 368 Asbestos Personal<br>Injury Product<br>Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal<br>Property Damage<br>[ ] 385 Property Damage<br>Product Liability | [ ] 625 Drug Related Seizure<br>of Property 21 USC 881<br>[ ] 690 Other | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal<br>28 USC 157<br><br>**PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 835 Patent - Abbreviated<br>New Drug Application<br>[ ] 840 Trademark<br>[ ] 880 Defend Trade Secrets<br>Act of 2016 | [ ] 375 False Claims Act<br>[ ] 376 Qui Tam (31 USC<br>3729(a))<br>[ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and<br>Corrupt Organizations<br>[ ] 480 Consumer Credit<br>(15 USC 1681 or 1692)<br>[ ] 485 Telephone Consumer<br>Protection Act<br>[ ] 490 Cable/Sat TV<br>[ ] 850 Securities/Commodities/<br>Exchange |
| **REAL PROPERTY**<br>[ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | **CIVIL RIGHTS**<br>[ ] 440 Other Civil Rights<br>[ ] 441 Voting<br>[ ] 442 Employment<br>[ ] 443 Housing/<br>Accommodations<br>[ ] 445 Amer. w/Disabilities -<br>Employment<br>[ ] 446 Amer. w/Disabilities -<br>Other<br>[ ] 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>[ ] 463 Alien Detainee<br>[ ] 510 Motions to Vacate<br>Sentence<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>**Other:**<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition<br>[ ] 560 Civil Detainee -<br>Conditions of<br>Confinement | **LABOR**<br>[ ] 710 Fair Labor Standards<br>Act<br>[ ] 720 Labor/Management<br>Relations<br>[ ] 740 Railway Labor Act<br>[ ] 751 Family and Medical<br>Leave Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Employee Retirement<br>Income Security Act<br><br>**IMMIGRATION**<br>[ ] 462 Naturalization Application<br>[ ] 465 Other Immigration<br>Actions | **SOCIAL SECURITY**<br>[ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff<br>or Defendant)<br>[ ] 871 IRS—Third Party<br>26 USC 7609 | [ ] 890 Other Statutory Actions<br>[ ] 891 Agricultural Acts<br>[ ] 893 Environmental Matters<br>[ ] 895 Freedom of Information<br>Act<br>[ ] 896 Arbitration<br>[ ] 899 Administrative Procedure<br>Act/Review or Appeal of<br>Agency Decision<br>[ ] 950 Constitutionality of<br>State Statutes |

## V.  ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original<br>Proceeding
- [ ] 2  Removed from<br>State Court
- [ ] 3  Remanded from<br>Appellate Court
- [ ] 4  Reinstated or<br>Reopened
- [ ] 5  Transferred from<br>Another District<br>*(specify)*
- [ ] 6  Multidistrict<br>Litigation -<br>Transfer
- [ ] 8  Multidistrict<br>Litigation -<br>Direct File

| VI.  CAUSE OF ACTION | Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:<br>28 U.S.C. 1332<br>Brief description of cause:<br>Assault |
|---|---|

| VII.  REQUESTED IN<br>COMPLAINT: | [ ] CHECK IF THIS IS A **CLASS ACTION**<br>UNDER RULE 23, F.R.Cv.P. | DEMAND $ | CHECK YES only if demanded in complaint:<br>JURY DEMAND:   [x] Yes   [ ] No |
|---|---|---|---|

| VIII.  RELATED CASE(S)<br>IF ANY | *(See instructions):* | JUDGE | DOCKET NUMBER |
|---|---|---|---|

| DATE<br>10/29/2021 | SIGNATURE OF ATTORNEY OF RECORD<br>*Gregory S. Spizer* |
|---|---|

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

### DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____c/o VSCP LAW, 2001 Market St., #3700, Philadelphia, PA 19103_____

Address of Defendant: _____2800 Executive Way #6542, 2800 Executive Way, Miramar, FL 33025_____

Place of Accident, Incident or Transaction: _____Airplane as it was approaching Philadelphia_____

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __10/29/2021__     _Attorney-at-Law / Pro Se Plaintiff_     __82435__
_Attorney I.D. # (if applicable)_

---

**CIVIL: (Place a √ in one category only)**

| A. | Federal Question Cases: | B. | Diversity Jurisdiction Cases: |
|---|---|---|---|
| ☐ 1. | Indemnity Contract, Marine Contract, and All Other Contracts | ☐ 1. | Insurance Contract and Other Contracts |
| ☐ 2. | FELA | ☐ 2. | Airplane Personal Injury |
| ☐ 3. | Jones Act-Personal Injury | ☐ 3. | Assault, Defamation |
| ☐ 4. | Antitrust | ☐ 4. | Marine Personal Injury |
| ☐ 5. | Patent | ☐ 5. | Motor Vehicle Personal Injury |
| ☐ 6. | Labor-Management Relations | ☑ 6. | Other Personal Injury *(Please specify):* Assault |
| ☐ 7. | Civil Rights | ☐ 7. | Products Liability |
| ☐ 8. | Habeas Corpus | ☐ 8. | Products Liability – Asbestos |
| ☐ 9. | Securities Act(s) Cases | ☐ 9. | All other Diversity Cases |
| ☐ 10. | Social Security Review Cases | | *(Please specify):* _____ |
| ☐ 11. | All other Federal Question Cases | | |
| | *(Please specify):* _____ | | |

---

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ___Gregory S. Spizer___, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __10/29/2021__     _Attorney-at-Law / Pro Se Plaintiff_     __82435__
_Attorney I.D. # (if applicable)_

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| **M.B.** | : | |
| | : | |
| v. | : | NO. 2:21-cv-4771 |
| | : | |
| **SPIRIT AIRLINES, INC AND JOHN DOE** | : | |
| **NO. 1** | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See §1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)   Habeas Corpus - Cases brought under 28 U.S.C. §2241 through §2255.   (     )

(b)   Social Security - Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   (     )

(c)   Arbitration - Cases required to be designated for arbitration under Local Civil Rule 53.2.   (     )

(d)   Asbestos - Cases involving claims for personal injury or property damage from exposure to asbestos.   (     )

(e)   Special Management - Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.   (See reverse side of this form for a detailed explanation of special management cases.)   ( X )

(f)   Standard Management - Cases that do not fall into any one of the other tracks.   (     )

| | | |
|---|---|---|
| 10/29/2021 | Gregory S. Spizer, Esquire | Plaintiff |
| Date | Attorney-at-Law | Attorney for |
| 215-960-0402 | 215-960-0384 | gspizer@vscplaw.com |
| Telephone | Fax Number | E-Mail Address |

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **M.B.** | : |
| c/o VSCP Law | : |
| 2001 Market Street, Suite 3700 | : |
| Philadelphia, PA 19103 | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : No. |
| | : |
| **SPIRIT AIRLINES, INC.** | : |
| 2800 Executive Way #6542 | : |
| Miramar, FL 33025 | : **JURY TRIAL DEMANDED** |
| | : |
| and | : |
| | : |
| **John Doe No. 1** | : |
| | : |
| Defendants | : |

## COMPLAINT – CIVIL ACTION

Plaintiff, M.B., by and through his attorneys, VSCP LAW, by way of Complaint against

Defendants, Spirit Airlines, Inc. and John Doe No. 1, and avers as follows:

## INTRODUCTION

1.      For the last several years, sexual assaults aboard commercial airlines have

become more common and frequent. https://www.fbi.gov/news/stories/raising-awareness-about-sexual-assault-aboard-aircraft-042618.

2.      To combat this problem, in October 2018, President Trump signed the FAA

Reauthorization Act of 2018 (the FAA Act).  The FAA Act requires the Secretary of

Transportation to establish the "National In-Flight Sexual Misconduct Task Force."  The Task

Force was to review current policies and make recommendations about best practices regarding

incident of sexual assaults on airplanes.

https://www.transportation.gov/airconsumer/ACPAC/in-flight-sexual-misconduct-task-force

3.     Airlines recognized that sexual assaults aboard their aircrafts were a serious concern and problem.  In fact, the airlines had a representative on the task force and airlines modified the way they addressed sexual assaults on airplanes.

https://www.cntraveler.com/story/us-airlines-are-changing-the-way-they-talk-about-sexual-assault

4.   Defendant, Spirit Airlines, also knew, before the incident described in detail below, that sexual assaults occurred aboard their planes.  In 2018, a man aboard a Spirit Airlines flight from Las Vegas to Detroit was arrested after he sexually assaulted a fellow sleeping passenger during the flight and was ultimately sentenced to nine years in prison.[1]  An additional assault occurred on a Spirit Airlines flight from Chicago to Myrtle Beach in 2019.[2]

5.   Then in January 2020, a 22-year old woman was assaulted on a Spirit Airlines flight from Atlanta to Detroit. The victim said that the Spirit staff mostly ignored her allegations.  https://www.nydailynews.com/news/national/ny-spirit-airlines-passenger-sexual-assault-georgia-flight-20200122-hqu3w56st5hrlbrmek3n4fbgwy-story.html

6.   Despite these assaults and Spirit's knowledge that it must protect its paying customers from sexual assaults, Plaintiff, M.B., was assaulted on June 30, 2021 by **one of Spirit's own flight attendants**.

---

[1] https://www.npr.org/2018/12/13/676612105/man-who-sexually-assaulted-woman-on-plane-sentenced-to-nine-years-in-prison
[2] https://www.wyff4.com/article/man-sexually-assaulted-22-year-old-woman-on-flight-to-myrtle-beach/34657517#;

## THE PARTIES

7.   Plaintiff, M.B., is an adult individual and citizen and resident of the State of Georgia, residing in Atlanta.  Given the allegations set forth in this Complaint, Plaintiff's name, date of birth and address are not contained in this Complaint and so as to protect his privacy, Plaintiff is referred to herein by the fictitious name of "M.B." or "Plaintiff"[3].   Plaintiff, M.B., incurred injuries and damages of a sensitive nature as a result of the intentional and negligent acts and failures of Defendants as contained in this Complaint.

8.   Defendant, Spirit Airlines, Inc. (hereinafter, "Defendant" or "Spirit Airlines"), is a corporation duly incorporated in the State of Delaware with a principal place of business at 6542, 2800 Executive Way, Miramar, Florida 33025. Defendant, Spirit Airlines, is registered to do business in the Commonwealth of Pennsylvania and regularly conducts business in the Commonwealth of Pennsylvania on a regular, systematic, substantial and continuous basis and has an authorized agent for service of process at c/o Corporation Service Company, 2595 Interstate Drive, Suite 103, Harrisburg, PA 17110.

9.   Defendant, John Doe No. 1, was, upon information and belief, the Spirit Airlines flight attendant who assaulted Plaintiff as described herein.  Plaintiff does not know the true identity of Defendant, John Doe No. 1, but will obtain same through discovery and amend his Complaint accordingly.

10.   At all times relevant hereto, Defendant, Spirit Airlines, is an airline/air carrier engaged in the business of providing air travel to customers throughout the United States, the Caribbean and Latin America.  Defendant employed various individuals to carry out its business

---

[3] Plaintiff's counsel will identify  M.B.'s identity and address to Defendant's counsel.  Plaintiff will also file a motion to proceed using only his initials.

functions including flight attendants such as John Doe No. 1.  The claims asserted against Defendant, Spirit Airlines, are for the intentional and negligent acts of its actual, apparent and ostensible agents, servants and employees who were under its exclusive control including Defendant, John Doe No. 1, a flight attendant who told Plaintiff that his name was "Alex" which Plaintiff later learned was false.  Defendant, Spirit Airlines, is liable for the intentional and negligent acts or omissions of its authorized servants, employees and actual or ostensible agents under theories of *respondeat superior*, master servant, agency and right of control.

11.    Defendant, Spirit Airlines, is vicariously liable to Plaintiff, M.B., for injuries and damages resulting from the intentional and negligent acts and omissions of persons whose conduct was under its supervision, control or right of control.

12.    Defendant, Spirit Airlines, is also directly liable to Plaintiff, M.B., for its negligent hiring, supervision, training and failures to implement and/or enforce appropriate policies to ensure that Plaintiff would not be assaulted as described herein.

13.    Defendant, John Doe No. 1, is also directly liable to Plaintiff, M.B., for its intentional and negligent acts of assault.

14.    Because of Defendants' conduct, Plaintiff, M.B., suffered and will continue to suffer from physical bodily injuries, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life. Plaintiff, M.B., will incur expenses for medical and psychological treatment, therapy and counseling.  Defendants are liable for these damages as described more fully below.

15.    Defendant, Spirit Airlines, is directly and vicariously liable to Plaintiff, M.B., for injuries sustained as a result of the intentional, negligence, gross negligence, outrageous conduct, and reckless misconduct, as described further herein, by persons or entities whose conduct was

under its control, or right to control which conduct directly and proximately caused all of Plaintiff's injuries.

## JURISDICTION AND VENUE

16.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332.  At all relevant times, diversity of citizenship exists between Plaintiff and Defendants.

17.     Venue is proper in this district pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims asserted in this action occurred in the judicial district where this action is brought.

## FACTS

18.     On June 30, 2021, Plaintiff, M.B., was a passenger on Defendant's, Spirit Airlines, Flight No. 3031 from Myrtle Beach, South Carolina to Philadelphia, Pennsylvania.  Plaintiff had purchased his ticket for this flight a few weeks earlier.

19.     Plaintiff was seated in Row 26 towards the rear of the airplane.

20.     During the flight, Defendant, John Doe No. 1, a male flight attendant on Spirit Airlines Flight No. 3031 approached Plaintiff and asked him if he wanted water.  Plaintiff said "yes, thank you" and offered his credit card for payment of the water.  John Doe No. 1 waived Plaintiff off, provided him with water and did not charge him for it.

21.     John Doe No. 1 then soon returned, winked at Plaintiff and pushed mini bottles of Jack Daniels into his chest.  Plaintiff found this odd but did not think too much of it at the time.

22.     John Doe No. 1 returned another time and again offered Plaintiff Jack Daniels.

23.     A few minutes later, John Doe No. 1 walked by Plaintiff's seat and placed a balled-up napkin on his tabletop.  Plaintiff opened the napkin which had a phone number on it.

24.     As the flight was then approaching Philadelphia, John Doe No. 1 called Plaintiff to a private area at the back of the plane behind the bathrooms.  Only John Doe No. 1 was there. Plaintiff felt he had to adhere to John Doe No 1's instructions, as flight attendants are in charge while the plane is in the air, so Plaintiff complied with the request and went to the back of the plane.

25.     When Plaintiff went to the back of the plane where John Doe No. 1 had called for him, John Doe No. 1 looked around and then, without warning, grabbed, groped and fondled Plaintiff's penis and private area.  John Doe No. 1 then tried to unzip Plaintiff's pants.

26.     At this point, Plaintiff was shocked, embarrassed, humiliated and violated from the sexual assault by John Doe No. 1.  He backed away and went to the bathroom to compose himself and think about what happened.

27.     Plaintiff left the bathroom and returned to his seat.  He wanted to report the assault but realized that he did not even know the flight attendant's name.  At that point, he recalled that he had a number from the napkin that John Doe No. 1 had given him, so he texted him to discover it.

28.     The below excerpts from the text exchange between Plaintiff and John Doe No. 1 then followed in which John Doe admits to the sexual assault upon Plaintiff:

- M.B.:  "I didn't get your name?"

- JOHN DOE NO. 1:  "Hey this is my number"

- M.B.:  "What's your name so I can save your number"

- JOHN DOE NO. 1:  "Alex.  What are you doing after the flight"

- M.B.:  "Just going to see family"

- JOHN DOE NO. 1:     "Ohh.  Alex. What is your"

6

- M.B.:  "When you asked me to come to the bathroom and you touched my penis, that was very bold of you.  Are you always that straight forward?  LOL.  You stay in Philly?"

- JOHN DOE NO. 1:     "No way am sorry.  Am very discreet."

- M.B:  "Ohhhh I seeeee"

- JOHN DOE NO. 1:  "Am sorry men I didn't mean to be disrespectful"

- M.B.:  "It caught me off guard."[4]

29.    The plane landed in Philadelphia, where Plaintiff deplaned and went to his mother's home.

30.    As Plaintiff was so upset and distraught over the assault upon him, he shared with his mother what had happened to him.  After talking about it, Plaintiff returned to the airport and reported the assault to the Philadelphia Airport Police.

31.    The airport police indicated that as the assault occurred in the air, Plaintiff needed to report the assault to the FBI, which Plaintiff did.

32.     Prior to June 30, 2021, Defendant, Spirit Airlines, knew or should have known about the sexual abuse being committed by its employee, representative and/or agent, John Doe No. 1, and his propensities to sexual violence, physical violence and sexual deviance.

33.    The violent and sexual assault of Plaintiff should and could have been prevented if Spirit Airlines had employed and implemented reasonable and appropriate safety measures to ensure the safety and security of their customers, including Plaintiff.

---

[4] Plaintiff has since learned that Defendant's, John Doe No. 1, real name is not Alex.  Plaintiff was lied to given the assault that John Doe No. 1 committed upon him.  Plaintiff will amend the Complaint upon learning John Doe No. 1's true identity.

34.     The conduct encountered by and perpetrated upon Plaintiff as described herein was wholly foreseeable.

35.     John Doe No. 1 was provided access to Plaintiff as a result of Spirit Airlines' carelessness, negligence, gross negligence and recklessness.

36.     At all times pertinent hereto, Spirit Airlines knew or should have known of John Doe No.1's history and/or propensity and/or potential for sexually exploiting, assaulting and abusing others.

37.     Upon information and belief, Spirit Airlines knew or should have known that inappropriate and/or sexually abusive behavior by John Doe No. 1 was occurring prior to his assault and sexual abuse of Plaintiff.

38.     Upon information and belief, Spirit Airlines failed to conduct a thorough background check or reference check on John Doe No. 1. Had Spirit Airlines conducted such a check, it would have discovered the concerns raised herein.

39.     At all times pertinent hereto, Spirit Airlines is liable for the injuries and damages suffered by the Plaintiff due to the actions/inactions of its employees while in the course and scope of their employment with Defendant, Spirit Airlines.

40.     All named Defendants are liable, jointly and severally, for the injuries and damages suffered by Plaintiff, M.B.

41.     At all relevant times, Plaintiff was owed the highest duty of care.

42.     At all times relevant hereto, Plaintiff and Defendant, Spirit Airlines, shared a special relationship which established a duty to protect Plaintiff from intentional criminal acts of others, including John Doe No. 1 pursuant to Restatement (Second) of Torts §314A.

43.     At all times relevant hereto, Defendant, Spirit Airlines, is subject to liability

pursuant to the Restatement (Second) of Torts § 323.

44.     At all times relevant hereto, Defendants violated §314A and §323 of the Restatement (Second) of Torts as described more fully herein.

45.     At all relevant times hereto, Defendant, Spirit Airlines, was negligent as a result of its failure to exercise reasonable care to protect their paying customers from being harmed on its aircraft.

46.     At all relevant times hereto, Defendant, Spirit Airlines, was negligent as a result of its failure to exercise reasonable care to discover if its customers were exposed to dangerous and harmful conditions on its aircraft.

47.     At all relevant times hereto, Plaintiff had a reasonable expectation of safety and security to be provided to him by Defendant, Spirit Airlines.

48.     At all relevant times hereto, the negligence, gross negligence, careless and reckless conduct of Defendant, Spirit Airlines, merged with the negligent, careless, reckless and intentional conduct of John Doe No. 1 to cause a single harm to Plaintiff.

49.     But for the acts and omissions of Defendant, Spirit Airlines, and its agents, including its flight attendants, Plaintiff would not have been sexually assaulted by John Doe No. 1.

50.     As a direct and proximate result of the negligence, carelessness, recklessness, willful and/or intentional conduct of Defendant, Spirit Airlines, as set forth herein, Plaintiff, M.B., was caused to suffer severe and permanent damages, including, but not limited to:

    (a)    Indecent assault, pursuant to 42 Pa.C.S. §3126, Title 18;
    (b)    Aggravated indecent assault, pursuant to 42 Pa.C.S. §3125, Title 18;
    (c)    Sexual assault, pursuant to 42 Pa.C.S. §3124.1, Title 18;
    (d)    Unconsented sexual contact and assault;
    (e)    Permanent emotional trauma/distress;
    (f)    Past and future mental anguish;

(g)     Past and future humiliation;
(h)     Past and future embarrassment;
(i)     Past and future loss of life's pleasures;
(j)     Past and future pain and suffering;
(k)     Past and future emotional distress;
(l)     Sexual dysfunction;
(m)     Insomnia;
(n)     Depression and anxiety;
(o)     Post traumatic stress disorder;
(p)     Pain and suffering;
(q)     Past and future anxiety;
(r)     Need for psychological and/or psychiatric care;
(s)     Loss of earning capacity; and
(t)     Past and future expenses for medical and psychological treatment, therapy and counseling.

51.     The injuries, damages and losses sustained by Plaintiff, M.B., were in no way caused by the Plaintiff, but were caused solely by the conduct of the Defendants, as set forth above and herein, and in no way was caused or contributed to by the Plaintiff, M.B.

52.     The negligence, gross negligence, recklessness and intentional conduct of all Defendants, jointly and severally, directly and proximately caused Plaintiff's injuries.

## COUNT I - NEGLIGENCE

### Plaintiff v. Defendant, Spirit Airlines

53.     The averments of the previous paragraphs are incorporated by reference as though fully set forth herein.

54.     Defendant, Spirit Airlines, at all times pertinent hereto, had a duty to exercise reasonable care so to control the conduct of third persons, such as John Doe No. 1, as to prevent him from intentionally harming the Plaintiff or creating an unreasonable risk of harm to the Plaintiff.

55.     At all times relevant hereto, Defendant, Spirit Airlines, knew or should have known that it had the ability to control the conduct of Defendant, John Doe No. 1.

56.     At all times pertinent hereto, Defendant, Spirit Airlines, had a duty to take reasonable action to protect the Plaintiff against unreasonable risk of physical harm such as that perpetrated by Defendant, John Doe No. 1.

57.     The negligence, gross negligence, carelessness and recklessness of Defendant, Spirit Airlines included, but was not limited to:

> (a) failing to monitor John Doe No. 1's interactions with customers and specifically with Plaintiff;
> (b) failing to adequately supervise John Doe No. 1;
> (c) failing to take proper security measures;
> (d) failing to provide for the safety and protection of Plaintiff;
> (e) failing to adequately train employees to not engage in sexual assault and abuse;
> (f) failing to take reasonable safety measures to ensure the safety and well-being of customers such as Plaintiff, M.B.;
> (g) failing to take reasonable measures to protect customers such as Plaintiff, M.B., against violent crimes, sexual assault and abuse and/or harm from its employees;
> (h) failing to implement policies to prevent the sexual abuse and sexual assault of customers;
> (i) failing to enforce policies which were enacted to prevent sexual abuse and sexual assault of customers;
> (j) failing to adequately control interaction between its flight attendants and customers;
> (k) failing to adequately have policies in place to perform appropriate background and criminal activity checks on its employees;
> (l) failing to perform an adequate background and criminal activity check on John Doe No. 1;
> (m) failing to exercise reasonable care in the appointment and hiring of its employees; and
> (n) other acts or omissions constituting negligence, gross negligence, recklessness, and carelessness as may be ascertained through discovery and may be demonstrated by the evidence at the trial of this case

58.     As a direct and proximate result of the negligence, gross negligence, carelessness and recklessness, of Defendant, Spirit Airlines, acting individually and by and through its agents, servants and/or employees, Plaintiff, M.B., has suffered pain and suffering, humiliation,

embarrassment, mental anguish, and will continue to do so for an infinite amount of time into the future.

59.     As a direct and proximate result of the negligence, gross negligence, carelessness and recklessness of Defendant, Spirit Airlines, acting individually and by and through its agents, servants and/or employees, Plaintiff, M.B., has been deprived of the past and future ordinary pleasures of life and will continue to suffer for an infinite amount of time into the future, all to his great detriment and loss.

**WHEREFORE**, Plaintiff, M.B., demands judgment against Defendant, Spirit Airlines, for compensatory and punitive damages, exclusive of pre-judgment interest, costs, and post-judgment interest in excess of the local arbitration limits.

## COUNT II – NEGLIGENCE – VICARIOUS LIABILITY
### Plaintiff v. Defendant, Spirit Airlines

60.     The averments of the previous paragraphs are incorporated by reference as though fully set forth herein.

61.     Plaintiff, M.B., was physically attacked and sexually assaulted by Defendant, John Doe No. 1, who was at all times relevant hereto, an employee and/or agent and/or ostensible agent of Defendant, Spirit Airlines.

62.     At all times pertinent hereto, John Doe No. 1 was acting as the sole or joint agents, servants and/or employees of Defendant, Spirit Airlines.

63.     At times material hereto, John Doe No. 1 was acting in the course and scope of his employment with Defendant, Spirit Airlines.

64.     Defendant, Spirit Airlines, had a duty and obligation, to a paying customer who was flying on its airline, to exercise reasonable care in the appointment and hiring of its employees.

12

65.     Defendant, Spirit Airlines, is vicariously liable for the actions of its employees, agents, ostensible agents and/or servants, including Defendant, John Doe No. 1, the flight attendant described herein, in that the actions that were perpetuated upon Plaintiff, M.B., were negligent, grossly negligent, reckless, and careless in the following particular respects:

(a)     attacking Plaintiff as set forth above and/or committing assault and battery pursuant to 18 Pa.C.S.A. §2701(a)(1);

(b)     committing harassment pursuant to 18 Pa.C.S.A. §2709(a);

(c)     committing indecent assault pursuant to 18 Pa.C.S.A. §3126(a);

(d)     committing sexual abuse;

(e)     failing to take reasonable safety measures to ensure the safety and well-being of customers such as Plaintiff, M.B.;

(f)     failing to take reasonable measures to protect customers such as Plaintiff, M.B., against violent crimes, sexual assault and abuse and/or harm from its employees;

(g)     negligent hiring and/or selection and/or retention of agents, employees, managers and/or contractors; and

(h)     other acts or omissions constituting negligence, gross negligence, recklessness, and carelessness as may be ascertained through discovery and may be demonstrated by the evidence at the trial of this case.

66.     As a direct and proximate result of the negligence, gross negligence, carelessness, and reckless conduct of Defendant, Spirit Airlines, acting individually and by and through its agents, servants and/or employees, Plaintiff, M.B., has suffered pain and suffering, humiliation, embarrassment, mental anguish, and will continue to do so for an infinite amount of time into the future.

67.     As a direct and proximate result of the negligence, gross negligence, carelessness, and reckless conduct of Defendant, Spirit Airlines, acting individually and by and through its agents, servants and/or employees, Plaintiff, M.B., has been deprived of the past and future ordinary pleasures of life and will continue to suffer for an infinite amount of time into the future, all to his great detriment and loss.

**WHEREFORE**, Plaintiff, M.B., demands judgment against Defendant, Spirit Airlines, for compensatory and punitive damages, exclusive of pre-judgment interest, costs, and post-judgment interest in excess of the local arbitration limits.

## COUNT III- NEGLIGENCE AND GROSS NEGLIGENCE– HIRING AND SUPERVISION

### Plaintiff v. Defendant, Spirit Airlines

68.    The averments of the previous paragraphs are incorporated by reference as though fully set forth herein.

69.    Defendant, Spirit Airlines, had a duty and obligation to Plaintiff, M.B., as a customer on its airline, to exercise reasonable care in the appointment and re-appointment of members of employees, servants and/or agents.

70.    Defendant also had a duty and obligation to supervise and monitor the actions and behaviors of its flight attendants.

71.    It is believed and, therefore, averred that Defendant, Spirit Airlines, was negligent, grossly negligent and reckless in failing to properly and truly determine the qualifications and fitness of John Doe No. 1 prior to hiring him and permitting him to remain as a member of its staff of flight attendants. This is especially so considering the text exchange with Plaintiff, M.B., that "Am very discreet" acknowledging that this outrageous behavior had happened in the past.

72.    It is believed and, therefore, averred that Defendant, Spirit Airlines, was negligent, grossly negligent and reckless in failing to supervise and monitor the activities on Flight No. 3031 from Myrtle Beach, South Carolina to Philadelphia, Pennsylvania and, in particular, the actions of John Doe No. 1, the flight attendant.

73.    Defendant, Spirit Airlines, was negligent, grossly negligent, careless, and reckless in the following particular respects:

(a)    persistently and repeatedly failing or refusing to supervise staff and/or other employees, and/or having a lack of oversight;

(b)    failing to recognize that its employee was sexually abusing and/or exploiting customers like Plaintiff, M.B.;

(c)    negligently, grossly negligently, carelessly and/or recklessly failing to observe and supervise John Doe No. 1's inappropriate sexual interaction with Plaintiff, M.B.;

(d)    negligently, grossly negligently, carelessly and/or recklessly failing to implement and enforce policies and procedures that allowed the sexual misconduct, sexual abuse and sexual assault of Plaintiff, M.B., by John Doe No. 1 to occur on Defendant's Flight No. 3031;

(e)    failure to use due care under the circumstances;

(f)    negligent supervision as may be proven from facts now exclusively in the possession of Defendant, Spirit Airlines;

(g)    failing to conduct a thorough background check of John Doe No. 1;

(h)    failing to contact appropriate references for John Doe No. 1;

(i)    failing to use due care in the selection of John Doe No. 1 as a flight attendant for Defendant, Spirit Airlines; and

(j)    failing to use due care in the retention of Spirit Airlines as a flight attendant who was responsible and had authoritative control over Defendant's, Spirit Airlines, passengers.

74.    The harms, injuries, losses, and damages suffered by Plaintiff, M.B., and that he will continue to suffer from, were directly and proximately caused by the negligence, gross negligence recklessness, and careless conduct of Defendant, Spirit Airlines, individually and by and through its agents, servants, and/or employees, consisted of all of the conduct set forth herein.

75.    As a direct and proximate result of negligence, gross negligence, recklessness, and careless behavior of Defendant, Spirit Airlines, individually, and by and through its agents, servants, and/or employees' negligence, gross negligence, recklessness and careless conduct as set forth in this Complaint, Plaintiff, M.B., suffered the injuries described in paragraph 50 above, and incorporated herein, as if fully set forth.

**WHEREFORE**, Plaintiff, M.B., demands judgment against Defendant, Spirit Airlines, for compensatory and punitive damages, exclusive of pre-judgment interest, costs, and post-judgment interest in excess of the local arbitration limits.

## COUNT IV-NEGLIGENT PERFORMANCE OF UNDERTAKING TO RENDER SERVICES

### Plaintiff v. Defendant, Spirit Airlines

76.     The averments of the previous paragraphs are incorporated by reference as though fully set forth herein.

77.     Defendant, Spirit Airlines, undertook, for consideration, the provision of commercial airlines services to the Plaintiff pursuant to Restatement (Second) of Torts §323.

78.     Defendant, Spirit Airlines, should have recognized that Plaintiff needed to be protected from John Doe No. 1.

79.     Plaintiff suffered harm as a result of Defendant's, Spirit Airlines, failure to exercise reasonable care to perform its undertaking.

80.     Defendant's, Spirit Airlines, failure to exercise such care increased the risk of harm to the Plaintiff and/or the Plaintiff was harmed because of his reliance upon Defendant's, Spirit Airlines, undertaking to provide services to him.

81.     As a direct and proximate result of the negligence, gross negligence, carelessness, and recklessness of Defendant, Spirit Airlines, acting individually and by and through its agents, servants and/or employees, Plaintiff, M.B., has suffered pain and suffering, humiliation, embarrassment, mental anguish, and will continue to do so for an infinite amount of time into the future.

82.     As a direct and proximate result of the negligence, gross negligence, carelessness,

16

and recklessness, of Defendant, Spirit Airlines, acting individually and by and through its agents, servants and/or employees, Plaintiff, M.B., has been deprived of the past and future ordinary pleasures of life and will continue to suffer for an infinite amount of time into the future, all to his great detriment and loss.

**WHEREFORE**, Plaintiff, M.B., demands judgment against Defendant, Spirit Airlines, for compensatory and punitive damages, exclusive of pre-judgment interest, costs, and post-judgment interest in excess of the local arbitration limits.

## COUNT V- ASSAULT

### Plaintiff v. Defendant, John Doe No. 1

83.     The averments of the previous paragraphs are incorporated by reference as though fully set forth herein.

84.     Defendant, John Doe No. 1, intended to cause a harmful or offensive contact with the body of Plaintiff, M.B., and/or John Doe No. 1 intended to put Plaintiff, M.B., in reasonable and immediate fear of a harmful or offensive contact with his body.

85.     Defendant, John Doe No. 1, intended to put Plaintiff, M.B., in reasonable and immediate fear of a harmful or offensive contact with his body; and Plaintiff, M.B., as a result of the acts of John Doe No. 1 was put in reasonable and immediate fear of such contact.

86.     The actions of John Doe No. 1, during the course and scope of his employment, directly and/or indirectly resulted in harmful or offensive contact with Plaintiff's body, including but not limited to:

      (a)     indecent assault, pursuant to 42 Pa.C.S. §3126, Title 18;
      (b)     aggravated indecent assault, pursuant to 42 Pa.C.S. §3125, Title 18;
      (c)     sexual assault, pursuant to 42 Pa.C.S. §3124.1, Title 18;
      (d)     simple assault, pursuant to 18 Pa.C.S.A. §2701;

87.     The contact with Plaintiff's body was offensive such that it would offend a reasonable person's personal sense of dignity.

88.     The unlawful actions of John Doe No. 1 took place within the authorized time and space limits at the regular workplace on the premises owned, operated and/or maintained by Defendant, Spirit Airlines, while he was an employee of Defendant, Spirit Airlines, while actively working on his shift as a flight attendant and within the scope of his employment.

89.     John Doe No. 1 was doing work assigned by, and under the direction or control of, his employer, Defendant, Spirit Airlines, when he sexually assaulted Plaintiff, M.B..

90.     Defendant, Spirit Airlines, directed and controlled its employees', including John Doe No. 1, contact with Defendant's customers, including Plaintiff, M.B., through its policies and procedures.

91.     When John Doe No. 1 explicitly decided to spend additional time with Plaintiff, John Doe, that he abused, it was actuated, at least in part, by a purpose to serve his employer, Defendant.

92.     John Doe No. 1 used his status of authority and power, granted to him by way of his employment with Defendant, Spirit Airlines, which allowed him to force himself upon Plaintiff, M.B..

93.     As a direct and proximate result of the negligence, gross negligence, willfulness, reckless, intentional and outrageous behavior of Defendant, John Doe No. 1, Plaintiff suffered the injuries described in paragraph 50 above, and incorporated herein, as if fully set forth.

94.     As a direct and proximate result of negligence, gross negligence, willful, wanton, intentional and outrageous conduct of Defendant, John Doe No. 1, Plaintiff, M.B., has suffered

pain and suffering, humiliation, embarrassment, mental anguish, and will continue to do so for an infinite amount of time into the future.

95.    As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, intentional, wanton and/or willful conduct of Defendant, John Doe No. 1, Plaintiff, M.B., has been deprived of the past and future ordinary pleasures of life and will continue to suffer for an infinite amount of time into the future, all to his great detriment and loss.

**WHEREFORE**, Plaintiff, M.B., demands judgment against Defendant, John Doe No. 1, for compensatory and punitive damages, exclusive of pre-judgment interest, costs, and post-judgment interest in excess of the local arbitration limits.

## COUNT VI- BATTERY

### Plaintiff v. Defendant, John Doe No. 1

96.    The averments of the previous paragraphs above are incorporated herein by reference as though fully set forth.

97.    John Doe No. 1 intended to cause a harmful or offensive contact with the body of the Plaintiff, M.B., and/or intended to put Plaintiff, M.B., in reasonable and immediate fear of a harmful or offensive contact with his body; and the actions of John Doe No. 1 directly or indirectly resulted in a harmful or offensive contact with Plaintiff's body.

98.    The actions of John Doe No. 1 during the course and scope of his employment, directly and/or indirectly resulted in harmful or offensive contact with Plaintiff's body, including but not limited to:

(a)    indecent assault, pursuant to 42 Pa.C.S. §3126, Title 18;
(b)    aggravated indecent assault, pursuant to 42 Pa.C.S. §3125, Title 18;
(c)    sexual assault, pursuant to 42 Pa.C.S. §3124.1, Title 18; and
(d)    simple assault, pursuant to 18 Pa.C.S.A. §2701.

19

99.    The contact with Plaintiff's body was offensive such that it would offend a reasonable person's personal sense of dignity.

100.    The unlawful actions of John Doe No. 1 took place within the authorized time and space limits at the regular workplace on an airline owned, operated and/or maintained by Defendant, Spirit Airlines, while he was an employee of Defendant, Spirit Airlines, actively working on his shift within the course and scope of his employment.

101.    John Doe No. 1 was doing work assigned by, and under the direction or control of, his employer, Defendant, Spirit Airlines, when he sexually assaulted Plaintiff, M.B..

102.    John Doe No. 1 used his status of authority and power, granted to him by way of his employment with Defendant, Spirit Airlines, to force customers like Plaintiff, M.B., into non-consensual sexual acts.

103.    As a direct and proximate result of the negligence, carelessness, recklessness, willful, intentional and tortious conduct of Defendant, John Doe No. 1, Plaintiff was severely and permanently injured.

104.    As a direct and proximate result of negligence, gross negligence, willfulness, reckless, intentional and outrageous behavior of Defendant, Plaintiff, M.B., suffered the injuries described in paragraph 50 above, and incorporated herein, as if fully set forth.

105.    As a direct and proximate result of negligence, gross negligence, willful, wanton and outrageous conduct of Defendant, Plaintiff, M.B., has suffered pain and suffering, humiliation, embarrassment, mental anguish, and will continue to do so for an infinite amount of time into the future.

106.    As a direct and proximate result of the negligence, gross negligence, carelessness,

recklessness, wanton and/or willful conduct of Defendant, Plaintiff, M.B., has been deprived of the past and future ordinary pleasures of life and will continue to suffer for an infinite amount of time into the future, all to his great detriment and loss.

   **WHEREFORE**, Plaintiff, M.B., demands judgment against Defendant, John Doe No. 1, for compensatory and punitive damages, exclusive of pre-judgment interest, costs, and post-judgment interest in excess of the local arbitration limits.

**VSCP**LAW VAN NAARDEN · SPIZER
         CHASE · PINTO

GREGORY S. SPIZER, ESQUIRE (82435)
Two Commerce Square
2001 Market Street
Suite 3700
Philadelphia, PA 19103
215-960-0402
gspizer@vscplaw.com

Dated: October 29, 2021

21